```
 1                        UNITED STATES DISTRICT COURT
                          EASTERN DISTRICT OF NEW YORK
 2

 3   -----------------------------------------X
                                              :
 4   STEVEN SCHREIBER,                        :
                                              :
 5                Plaintiff,                  :
                                              :  15-CV-6861 (CBA)
 6            v.                              :
                                              :  April 5, 2016
 7   EMIL FRIEDMAN, et al,                    :  Brooklyn, New York
                                              :
 8                Defendants.                 :
                                              :
 9   -----------------------------------------X

10
             TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
11              BEFORE THE HONORABLE JAMES ORENSTEIN
                  UNITED STATES MAGISTRATE JUDGE
12
     APPEARANCES:
13
     For the Plaintiff:           JAY P. NELKIN, ESQ.
14                                CAROL NELKIN, ESQ.
                                  Nelkin & Nelkin
15                                5417 Chaucer
                                  Houston, Texas 77005
16
     For the Defendant:           PAUL H. SCHAFHAUSER, ESQ.
17                                Herrick Feinstein LLP
                                  One Gateway Center
18                                Newark, New Jersey 07102

19   For E&I, et al.:             DAVID GRANTZ, ESQ.
                                  Meyner & Landis
20                                One Gateway Center
                                  Newark, New Jersey 07102
21

22   For Birnbaum, et al.:        MAURICE W. HELLER, ESQ.
                                  Garvey, Shubert, Barer
23                                100 Wall Street
                                  New York, New York 10005
24

25



     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

```
 1

 2

 3    APPEARANCES CONTINUED:

 4

 5    For Ezell, et al.:        RICHARD A. FINKEL, ESQ.
                                Abrams, Garfinkel, Margolis,
 6                               Bergson
                                237 West 35th Street
 7                              New York, New York 10001

 8    For 24 Hour Oil, et al.:  BRIAN K. STEINWASCHER, ESQ.
                                Thompson & Hine
 9                              335 Madison Avenue
                                New York, New York 10017
10

11    For Hersko, et al.:       ANDREW W. GEFELL, ESQ.
                                Abrams, Garfinkel, Margolis,
12                               Bergson
                                237 West 35th Street
13                              New York, New York 10001

14

15
      Court Transcriber:        SHARI RIEMER, CET-805
16                              TypeWrite Word Processing Service
                                211 N. Milton Road
17                              Saratoga Springs, New York 12866

18

19

20

21

22

23

24

25
```

```
                                                                    3
 1   (Proceedings began at 9:34 a.m.)
 2             THE COURT: Good morning everybody.  It's Judge
 3   Orenstein. We're on the record in Schreiber v. Friedman, 15-
 4   CV-6861.
 5             Counsel, would you state your appearances, please,
 6   starting with the plaintiff.
 7             MR. NELKIN: This is Jay Nelkin for the plaintiff
 8   Steven Schreiber.
 9             THE COURT:  Good morning.
10             MS. NELKIN:  And Carol Nelkin for the plaintiff.
11             THE COURT:  Good morning.
12             MR. SCHAFHAUSER:  Good morning, Your Honor.  Paul
13   Schafhauser of Herrick Feinstein for the defendants Emil
14   Friedman and New York Best Coffee, Inc.
15             THE COURT:  Good morning.  Anyone else?
16             MR. GRANTZ:  Good morning, Your Honor.  David Grantz
17   from the law firm of Meyner & Landis on behalf of E&J Funding,
18   E&I Investors and E&J Management.
19             THE COURT: Good morning.  Is there anyone else on
20   the line?
21             MR. HELLER:  Good morning, Your Honor.  Maury Heller
22   of the firm of Garvey, Schubert Barer for the defendants
23   Solomon Birnbaum, Office Coffee Services, LLC.
24             THE COURT: I'm sorry.  Whoever just spoke start
25   again because I couldn't hear you.
```

                                                                    4

1                MR. HELLER: This is Maury Heller for the defendants
2    Solomon Birnbaum, Office Coffee Services, LLC, Single Serve
3    Beverages Distribution, Crazy Cups and 26 Flavors, LLC.
4                THE COURT: Good morning.
5                MR. FINKEL:  Good morning, Your Honor.  Richard
6    Finkel.  I represent Sylvia Ezell, Sonya Rivera and Jorge
7    Salcedo.
8                THE COURT: Good morning.  Anyone else?
9                MR. STEINWASCHER:  Good morning, Your Honor.  Brian
10   Steinwascher from Thompson & Hine LLP for defendants 165
11   Street Realty Corp., 24 Hour Oil Delivery Corp.
12               THE COURT: I'm sorry, sir.  Who --
13               MR. STEINWASCHER: Associated Fuel Oil Corp.
14               THE COURT: Sorry, folks.  I didn't realize we'd be
15   having everybody on the phone or I would have brought people
16   in because it's hard to have this many people on the phone.
17               Whoever just spoke, please speak again.
18               MR. STEINWASCHER: Your Honor, it's Brian
19   Steinwascher from Thompson & Hine LLP for defendants 165
20   Street Realty, 24 Hour Oil Delivery, Associated Fuel Oil,
21   Light Trucking, MB Fuel Transport, MB Fuel Transport One, Park
22   Avenue Associates and John Ahearn.
23               THE COURT: Mr. Steinwascher, are you on the docket?
24               MR. STEINWASCHER: I'm not, Your Honor.  Mr. Waller
25   is normally on for us.  He asked me to step in last minute.  I

5

1  can enter an appearance if necessary.
2              THE COURT: Please do so.  Anyone else?
3              MR. GEFELL:  Good morning.  Andrew --
4              THE COURT: From now on --
5              MALE VOICE:  Your Honor, I cannot hear you.  I'm
6  sorry.  Very difficult to hear you.
7                       [Pause in proceedings.]
8              THE COURT: Okay.  After --
9              MALE VOICE:   There is one more here.
10             THE COURT: After Mr. Steinwascher, who else?
11             MR. GEFELL: Andrew Gefell from the firm Abrams,
12 Garfinkel, Margolis, Bergson for Jeffrey Hersko and Jeffrey
13 Hersko PC.
14             THE COURT: I'm sorry.  Who is it for Mr. Hersko?
15             MR. GEFELL: Andrew Gefell.
16             THE COURT: How do you spell your last name?
17             MR. GEFELL: G-E-F-E-L-L.
18             THE COURT: Are you on the docket yet, Mr. Gefell?
19             MR. GEFELL: Yes.
20             THE COURT: All right.  Anyone else?  Is that
21 everybody?
22            Forgive me, folks, I hadn't anticipated everybody
23 would be participating only because it seems to be a limited
24 issue between Mr. Schafhauser's client and the plaintiff but
25 all right.

```
                                                                    6

 1                  So Mr. Schafhauser, I'll hear you on your motion.
 2                  MR. SCHAFHAUSER: Thank you, Your Honor.  As Your
 3   Honor will recall, we appeared -- we actually had made a
 4   motion to stay discovery on the merits which was returnable
 5   before Your Honor on February 2nd and that motion was -- I
 6   think it's safe to say denied or Your Honor more I think,
 7   correctly I think denied it and held that discovery as to all
 8   parties should proceed.
 9                  Your Honor I'm sure is aware that we appealed that
10   determination to Judge Amon and on March 9 there was a hearing
11   before Judge Amon and Judge Amon directed that document
12   exchange as to all parties should proceed and that a
13   deposition of Mr. Friedman would be held as to two issues
14   outlined in Her Honor's docket entry, namely that there would
15   be discovery as to Mr. Friedman's relationships with the other
16   defendants and secondly, that the arbitrability of the claims
17   at issue in this case would also be subject to discovery.
18                  THE COURT: Sorry to interrupt.
19                  MR. SCHAFHAUSER: That discovery --
20                  THE COURT: Sorry to interrupt but that was a
21   limitation --
22                  MR. SCHAFHAUSER: No problem.
23                  THE COURT: The limitations in Judge Amon's orders
24   were limitations beyond those that I had imposed; correct?
25                  MR. SCHAFHAUSER: Those were -- yes, those were --
```

```
 1                THE COURT:  That's what I thought.
 2                MR. SCHAFHAUSER:  Those were limitations.  That's
 3    correct, Your Honor.
 4                THE COURT:  Go ahead.
 5                MR. SCHAFHAUSER:  And that request for discovery as
 6    to those issues was made by plaintiff who asserted that there
 7    were a number of fact issues with respect to the scope of the
 8    arbitration agreement between our respective clients as well
 9    as with respect to other issues relating to arbitration, i.e.
10    the parties interactions with the various [inaudible] to date
11    and whether or not Mr. Schreiber relied on the [inaudible]
12    and/or a decision of the Bastin [inaudible] and whether as a
13    result Mr. Friedman should be estopped.  Those were the
14    positions that were taken I believe both before Your Honor as
15    well as before Judge Amon by Mr. Schreiber.
16                We, following the hearing before Judge Amon on March
17    9, asked Mr. Schreiber's counsel to produce Mr. Schreiber for
18    a deposition as to the same issues as to which he sought and
19    obtained the deposition of Mr. Friedman and Mr. Schreiber's
20    counsel declined which of course leads to this application.
21                The issue as we see it is this, Your Honor.  We are
22    presented with a plaintiff who has made the argument both to
23    Your Honor as well as to Judge Amon that he is entitled to
24    discovery as to arbitration related issues because plaintiff
25    believes that there are fact issues.  By the way --
```

```
                                                              8
 1              THE COURT:  I'm sorry.  I'm sorry to jump in but --
 2              MR. SCHAFHAUSER:  No problem. Of course.
 3              THE COURT:  I thought the plaintiff wanted full
 4   discovery; correct?
 5              MR. SCHAFHAUSER:  The plaintiff certainly did want
 6   full discovery.
 7              THE COURT:  Okay.  So --
 8              MR. SCHAFHAUSER:  That's also correct.
 9              THE COURT:  Right.  So it's not that plaintiff said I
10   want discovery on particular issues.  It was -- the defense
11   wants full discovery.  You wanted to limit it and ultimately
12   you prevailed on that; correct?
13              MR. SCHAFHAUSER:  I don't think that's exactly the
14   way it arose, Your Honor, because --
15              THE COURT:  No?  Because I ordered full discovery.
16              MR. SCHAFHAUSER:  I moved --
17              THE COURT:  Excuse me.  Did I not order full
18   discovery?
19              MR. SCHAFHAUSER:  Your Honor ordered full discovery.
20              THE COURT:  And then you appealed; right?
21              MR. SCHAFHAUSER:  I did.
22              THE COURT:  And on appeal you prevailed by getting
23   limitations.  It wasn't everything you wanted obviously but
24   you prevailed to the extent that you got limitations on the
25   discovery that I had not imposed.
```

```
                                                              9
 1              MR. SCHAFHAUSER: In that sense, correct, yes, but --
 2              THE COURT: In that sense meaning in the sense that
 3   it recounts the facts of this case, procedural facts.
 4              MR. SCHAFHAUSER: Well, I -- yes, but I don't think
 5   it recounts all of them, Your Honor, with all due respect.
 6              THE COURT: I see.
 7              MR. SCHAFHAUSER: Because -- the answer is yes but a
 8   qualified yes because there are other aspects to what occurred
 9   as well and that is that --
10              THE COURT: What limitations did Mr. Nelkin seek on
11   discovery?
12              MR. SCHAFHAUSER: Mr. Nelkin took I think two
13   alternative positions.
14              THE COURT: I'm sorry, sir, please answer my question
15   if you would.  What limitations on discovery did Mr. Nelkin
16   seek?
17              MR. SCHAFHAUSER: He sought no limitations.
18              THE COURT: Thank you.  Go ahead.
19              MR. SCHAFHAUSER: Mr. Nelkin sought no limitations
20   but Mr. Nelkin took I believe the alternative position that if
21   any limitations were to be imposed at the very least he is
22   entitled -- and he took this position in letters to Your Honor
23   as well in submissions and argument to Judge Amon.  He took
24   the position that if any limitations were to be imposed that
25   in that event he at the very least should be allowed to obtain
```

10

1 discovery as to arbitration related issues and that's --
2 that's what was granted by Judge Amon.
3 So it's correct that Mr. Nelkin in the general sense
4 took the position that no limitations of discovery should be
5 imposed as to any party but in the alternative he took the
6 position that if any limitations were imposed he nonetheless
7 has to have discovery as to the threshold arbitration issue
8 because plaintiff took the position that there were fact
9 issues as to those issues.
10 Having taken that position, and I understand that
11 Mr. Schreiber through counsel has taken the position that
12 we're estopped, I respectfully submit that the estoppel goes
13 the other way because plaintiff took the position that there
14 are fact issues regarding arbitration. Plaintiff took the
15 position that he intended to pursue those issues through a
16 deposition and plaintiff took the position that the scope as
17 well as the enforceability of the arbitration agreement
18 between my clients was at issue due to facts which he intended
19 to present.
20 I believe as a matter of fairness and equity, Your
21 Honor, it's appropriate that plaintiff be subjected to the
22 same limited discovery that plaintiff sought and obtained
23 based on the arguments that he successfully advanced to Judge
24 Amon on.
25 THE COURT: Thank you.

```
 1              MR. SCHAFHAUSER: That's --
 2              THE COURT: Mr. Nelkin.  I'm sorry, Mr. Schafhauser,
 3   were you not done?
 4              MR. NELKIN: Thank you, Your Honor.
 5              THE COURT: I'm sorry.  Wait, Mr. Nelkin.  Mr.
 6   Schafhauser, were you not done?
 7              MR. SCHAFHAUSER: I wasn't quite done --
 8              THE COURT: Please do.
 9              MR. SCHAFHAUSER:  -- Your Honor, because I wanted to
10   add one other thing and that is that subsequent to the
11   determination by Judge Amon plaintiff in fact filed a motion
12   regarding arbitration issues on March 18th in which a number
13   of new facts have been presented and that motion I gather is
14   pending now as well and that motion wasn't even pending at the
15   time of these positions but that motion further amplifies the
16   need I respectfully submit for discovery.
17              Plaintiff cannot have it both ways in which he
18   asserts that discovery is a one way street as to issues that
19   he claims are fact issues.  Thank you, Your Honor.
20              THE COURT: Thank you.  Mr. Nelkin.
21              MR. NELKIN: Yes.  Thank you, Your Honor.  We would
22   argue, Your Honor, that the defendant has repeatedly taken the
23   position that no discovery was needed.  We quoted in our
24   letter Mr. Schafhauser saying that at least with respect to
25   his client there could be no argument that there was any
```

12

1 discovery as to arbitrability.  We have repeatedly sought this
2 discovery.  Mr. Schafhauser's clients have repeatedly opposed
3 this discovery before Your Honor, before Judge Amon, and at
4 each [inaudible] when they've been given the chance to ask for
5 this discovery they have failed to do so and in fact actively
6 opposed it which has caused the plaintiffs to have to
7 repeatedly respond to their motions and answer their appeals
8 on this matter.
9         So we think that those as a matter of fairness and
10 estoppel that they should be barred from asking for discovery
11 that they've repeatedly told this court they personally don't
12 need and that they repeatedly opposed.
13         We also would argue that Judge Amon had taken all of
14 this into account and granted them the discovery that they
15 requested at the hearing.  They asked for the original order
16 or the original ruling was that only Mr. Friedman's deposition
17 would go forward and then they asked the court for document
18 discovery and she granted that at the very end of the hearing.
19         So we just think that in light of the cases that we
20 cited such as Angelino that the defendants have taken the
21 position, made a tactical decision that they didn't need
22 discovery, put the plaintiff through expense, [inaudible] a
23 lot of effort and now they're opposing it.
24         We also think they're actually moving tomorrow on
25 their own volition which they obviously don't need this stuff

1   for, they told us [inaudible] they're prepared to move forward
2   on that date and -- so the issues that they claim they need
3   discovery for they're getting ready to file a motion on
4   tomorrow that they obviously don't need the discovery for.
5           So I think the whole history here and the precedent
6   that tracks that history that they should be estopped and
7   barred from this.
8           Now, we also argued and went through this in our
9   letter that on the different types of arguments that they've
10  raised to this court as to what they're seeking they don't
11  need this discovery.  They haven't, unlike the plaintiffs,
12  made any allegations that there were improper [inaudible] or
13  payments with the [inaudible] for instance.  They've taken the
14  position before this court that there's no issue as to
15  arbitrability with respect to them.
16          The other defendants haven't even sought any of the
17  discovery.  It's just Mr. Friedman's client -- I'm sorry, Mr.
18  Schafhauser's clients that are seeking it and so for the
19  reasons that we laid out in our letter as to why this type of
20  discovery isn't required for their -- the arguments that
21  they've asserted I think that it's inappropriate given the
22  circumstances and the history here for them to be allowed to
23  basically say never mind and now [inaudible] on discovery
24  after we've lost -- or actually we won the appeal to limit
25  discovery.

1            THE COURT: Thank you.  All right.  Does anybody else
2    wish to be heard?
3            MR. SCHAFHAUSER: Your Honor, may I briefly reply?
4            THE COURT: Yes.
5            MR. SCHAFHAUSER: Thank you, Your Honor.  The
6    position that the Friedman defendants took was there's no
7    doubt we've always taken the position that discovery should be
8    stayed because Mr. Friedman believes he has a right to
9    arbitration and I think it's safe to say that I've been
10   singularly unsuccessful in that argument that all discovery
11   should be stayed.
12           THE COURT: I wholly disagree that you've been
13   singularly unsuccessful.  Mr. Schafhauser, don't sell yourself
14   short.  You have not been singularly unsuccessful.  You
15   obtained a partial reversal of my discovery order because
16   Judge -- Judge Among agreed with you that discovery should not
17   go forward in all respects but should be limited.
18           MR. SCHAFHAUSER: Correct.  And I --
19           THE COURT: That's perfectly fine.  But please, don't
20   mischaracterize the record.  The court --
21           MR. SCHAFHAUSER: Well, no, I was --
22           THE COURT: No.  And it's important because the court
23   has not denied you -- all of your arguments.  You have
24   prevailed on some of your arguments and that's an important
25   part of this record in addressing this motion.  So I don't

1  want there to be any misunderstanding about the record.  You
2  have not been singularly unsuccessful.  You have obtained
3  relief on the basis of your arguments.  Please go ahead.
4              MR. SCHAFHAUSER:  Thank you.  I was about to say that
5  yes, Judge Amon did limit the discovery as it does not relate
6  to the arbitration issue, Your Honor, but Judge Amon did
7  require discovery as to Mr. Friedman regarding the arbitration
8  issue.
9              THE COURT:  And at the argument --
10             MR. SCHAFHAUSER:  What I was saying --
11             THE COURT:  At the argument where you obtained that
12 success did you seek Mr. Schreiber's deposition?
13             MR. SCHAFHAUSER:  The answer is I did not raise it at
14 that time.
15             THE COURT:  Didn't you in fact at that argument say
16 you needed no discovery on arbitrability?  Did you say that?
17             MR. SCHAFHAUSER:  I took the -- I took the position,
18 Your Honor, that the agreement between my client and Mr.
19 Schreiber was clear on its face and that I did not believe
20 that any discovery was warranted by either side and that's
21 what I was trying to say a moment ago.  As to that argument I
22 was unsuccessful, not successful.  I was unsuccessful because
23 Judge Amon disagreed with me that there were no discovery
24 issues with regard to arbitration.
25             THE COURT:  In that argument, sir --

1            MR. SCHAFHAUSER:  I was unsuccessful.
2            THE COURT:  In that argument, sir, did you say to
3    Judge Amon look, if you're going to give them this discovery
4    we need discovery beyond paper discovery; we also need if it's
5    going forward on arbitrability we also need Mr. Schreiber's
6    deposition?  Did you make that argument?
7            MR. SCHAFHAUSER:  Your Honor, as I said a moment ago,
8    I did not raise that issue before Judge Amon.  I did not
9    believe -- I did not.  The answer is no.  I did not raise the
10   argument at that moment, no, because the way the hearing went
11   I did not raise that issue.  So I'm not going to tell Your
12   Honor --
13           THE COURT:  Mr. Schafhauser, you will not persuade me
14   that you are at all shy about raising arguments that you
15   believe to be in your client's best interest.  You're too good
16   a lawyer for that and I've seen it first hand.
17           MR. SCHAFHAUSER:  Thank you, Your Honor, but I've
18   answered the question twice.  I did not raise the argument.
19   I'm not going to tell Your Honor I raised an argument that I
20   didn't raise.  But what I'm suggesting to Your Honor is that I
21   don't believe that the fact that it wasn't raised then should
22   preclude -- should preclude my client from discovery now that
23   the plaintiff is obtaining discovery from my client as to
24   these same issues and has raised these fact issues, Your
25   Honor, as issues that plaintiff suggests require a fact

17

1  determination by the court.  As to the --
2              THE COURT: All right.  Thank you.
3              MR. SCHAFHAUSER: Excuse me, Your Honor?
4              THE COURT: I said thank you.
5              MR. SCHAFHAUSER: Thank you.
6              THE COURT: So look, I want to start with that very
7  last part, Mr. Schafhauser, when you say now that the
8  plaintiff has obtained this discovery.  I think that
9  implicitly, and I don't mean to suggest that you're doing this
10 intentionally, but I think it does misrepresent the record
11 because it's not something that has just happened.  What
12 happened was I thought that what makes most sense for this
13 case and is permissible is full discovery and I continue to
14 think that would be most efficient and of course if we were
15 proceeding in that way there's no question that you would get
16 the plaintiff's deposition.
17             But you made an argument as is your right and as is
18 your client's interest and you prevailed on that argument.
19 The argument you made was I don't need arbitration discovery
20 but at least limit to that and you prevailed and at that time
21 nearly a month ago Judge Amon said paper discovery on
22 arbitration and Friedman's deposition and you did not then
23 argue oh, but also Schreiber's deposition.  I don't think
24 anything has changed in any material sense that the effect of
25 the analysis since then.

18

1       Judge Amon ordered that general document discovery
2 may proceed as to both sides and Friedman's deposition may go
3 forward as to two subjects.  I agree with the plaintiff that
4 the parties are not in identical positions with respect to
5 what deposition discovery of the principles would provide
6 that's pertinent to the issue of arbitrability and so while
7 you are of course correct, Mr. Schafhauser, that both sides
8 have the same rights and should be treated in the same way
9 that does not mean that the principle should be applied
10 unthinkingly to say well, if one person is deposed another
11 person should be.  That isn't how it works.
12       Both sides, all parties frankly should be subject to
13 providing discovery to the issues that are being litigated.
14 Right now in terms of deposition discovery we're limiting it
15 to arbitrability and I just don't see -- I don't agree with
16 Mr. Schafhauser that the areas that you've identified as what
17 Mr. Schreiber should testify about are in play the same way
18 that they are for Mr. Friedman's testimony.  So for that
19 reason I'm denying the motion.
20       Is there anything else for today, folks?
21       MR. FINKEL:  Your Honor, most respectfully, Your
22 Honor said just now --
23       THE COURT: Can you identify yourself, sir?  Please
24 identify yourself, sir.
25       MR. FINKEL:  Yes, I did.

```
                                                               19
 1              THE COURT:  Who is it?
 2              MR. FINKEL:  This is Richard Finkel speaking.
 3              THE COURT:  Go ahead, Mr. Finkel.
 4              MR. FINKEL:  Your Honor just said, I say this most
 5   respectfully, that the circumstances since Mr. Schafhauser
 6   made his argument have not changed.  Most respectfully I
 7   disagree with Your Honor.
 8              THE COURT:  Your disagree is noted.
 9              MR. FINKEL:  Circumstances have changed.
10              THE COURT:  Mr. Gefell -- Mr. Finkel --
11              MR. FINKEL:  The circumstances has changed.
12              THE COURT:  Your disagreement is noted but you have
13   no motion pending.
14              MR. FINKEL:  Very well, Your Honor.
15              THE COURT:  Thank you all folks.  Have a very good
16   day.
17   (Proceedings concluded at 10:01 a.m.)
18                           *  *  *  *  *
19
20
21
22
23
24
25
```

```
                                                                     20
  1        I certify that the foregoing is a court transcript from
  2   an electronic sound recording of the proceedings in the above-
  3   entitled matter.
  4
  5                                   _____
  6                                        Shari Riemer, CET-805
  7   Dated:  April 20, 2016
```