**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 13 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

STEVEN SCHREIBER, individually and
derivatively on behalf of TWO RIVERS
COFFEE, LLC,

               Plaintiff,

    -against-

EMIL FRIEDMAN; E&I INVESTORS
GROUP, LLC; E&J FUNDING CO., LLC;
E&J MANAGEMENT, INC.; E & JERYG
MANAGEMENT CORP., LLC; 24 HOUR
OIL DELIVERY CORP.; MB FUEL
TRANSPORT, INC.; MB FUEL
TRANSPORT I, INC.; ASSOCIATED FUEL
OIL CORP.; LIGHT TRUCKING CORP.;
165 STREET REALTY CORP.; PARK
AVENUE ASSOCIATES, LLC; NEW
YORK BEST COFFEE, INC.; JOHN
AHEARN; SYLVIA EZELL; SONIA
RIVERA; JORGE SALCEDO; MICHAEL
DEVINE; MICHAEL DEVINE, CPA;
GEOFFREY HERSKO; GEOFFREY S.
HERSKO, P.C.; SOLOMON BIRNBAUM;
SINGLE SERVE BEVERAGES
DISTRIBUTION; CRAZY CUPS; 26
FLAVORS, LLC; and OFFICE COFFEE
SERVICES, LLC,

               Defendants, and

TWO RIVERS COFFEE, LLC,

               Nominal Defendant.

-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-6861 (CBA) (JO)

**AMON, United States District Judge:**

On March 8, 2016, this Court held a hearing on the scope of discovery that would go forward in the instant matter. (See Minute Entry dated March 9, 2016.) After listening to the

1

arguments raised by the parties at that hearing, this Court permitted general document discovery to proceed as to both sides, and further ordered that "plaintiff [Schreiber] may conduct discovery of defendant Friedman (including by deposing him) as to 1) Friedman's relationships with the other defendants; and 2) the arbitrability of the claims at issue in this case (which encompasses the communications of Friedman and his agents with various beth dins)."[1] (Id.)

Subsequently, Friedman and defendant New York Best Coffee ("NYBC") sought Schreiber's consent to be deposed. (D.E. # 150 ("Motion for Discovery") at 1.) When Schreiber declined, Friedman and NYBC asked Judge Orenstein to order Schreiber's deposition. (Id.) Schreiber formally opposed the request, (D.E. # 154), and during a telephone conference on April 5, 2016, Judge Orenstein denied the motion, (D.E. # 160). In making his ruling, Judge Orenstein stated, "Right now in terms of deposition discovery we're limiting it to arbitrability and . . . I don't agree with Mr. Schafhauser[, counsel for defendants Friedman and NYBC,] that the areas that you've identified as what Mr. Schreiber should testify about are in play the same way that they are for Mr. Friedman's testimony. So for that reason I'm denying the motion." (D.E. # 175 ("April 5 Hr'g Tr.") 18:14–19 (emphasis added).)

Before the Court is an appeal by defendants Friedman and NYBC from Judge Orenstein's ruling. Pursuant to Federal Rule of Civil Procedure 72(a), this Court must "modify or set aside any part of [a magistrate judge's] order [on a nondispositive matter] that is clearly erroneous or is contrary to law." Arista Records, LLC v. Doe 3, 604 F.3d 110, 112 (2d Cir. 2010). Discovery disputes are typically considered nondispositive. Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). "A magistrate judge's findings may be considered clearly erroneous where on the entire evidence, the [district court] is left with the definite and firm conviction that a mistake

---

[1] As used here, the term "beth din" refers to a rabbinical court.

has been committed." Sekisui Am. Corp. v. Hart, 945 F. Supp. 2d 494, 502 (S.D.N.Y. 2013) (alterations in original).

The Court concludes that Judge Orenstein's ruling is not clearly erroneous. As Judge Orenstein accurately noted, per the Court's earlier Order, discovery is presently ongoing in particular with respect to the arbitrability of the instant matter. The Court permitted the deposition of Friedman as to his relationships with the other defendants to explore the interrelatedness of the claims and parties in this suit. (See March 8 Hr'g Tr. 55:11–56:6.) The Court further permitted the deposition of Friedman on the narrow question of Mr. Friedman's contacts with the various beth dins whose proceedings bear on this litigation. (See Minute Entry dated March 9, 2016.) A major reason for permitting this second line of inquiry is that Schreiber has persistently suggested that defendant Friedman used ex parte communications and financial contributions to influence the decision of a beth din that previously considered the ongoing dispute, (see Motion for Discovery at 1–2), which allegedly explains why that beth din issued a ruling favorable to Schreiber initially but then reversed itself, (see D.E. # 144 at 1–3).

As noted above, Judge Orenstein's stated reason for denying the motion to depose Schreiber is that Schreiber and Friedman are asymmetrically positioned vis-à-vis the subject of ongoing discovery.[2] The Court agrees. Schreiber's deposition is not obviously relevant to the arbitrability of the dispute. If it were, defendants would surely have sought to depose Schreiber at the March 8 conference where the Court announced and defined the scope of ongoing discovery as to arbitrability. They did not do so. In any event, Schreiber is unlikely to have meaningful information on the two subjects on which Friedman is to be deposed: Schreiber lacks knowledge

---

[2] In the appeal brought by Friedman and NYBC, and in Schreiber's opposition, the parties focus primarily on whether the doctrine of judicial estoppel prevents defendants from seeking to conduct additional discovery now, after they repeatedly expressed the view that further discovery was not necessary. (See D.E. # 173, Appeal at 8–10; D.E. # 176, Opposition to Appeal at 4–8.)

as to the relationships between Friedman and the other defendants, and as to Friedman's contacts with beth dins.

To the extent Friedman argues that he should be able to depose Schreiber as to <u>Schreiber's</u> contacts with beth dins, (Motion for Discovery at 2), that is not within the scope of the relevant discovery Order, and the Court can find no indication in the record that defendants harbor any concerns, reasonable or unreasonable, as to Schreiber's comportment with respect to the beth dins. Moreover, although Friedman and NYBC also seek to depose Schreiber to learn about "the extent of [Schreiber's] alleged prejudice" from relying on a previous beth din decision, and Schreiber's "longstanding knowledge of and waiver of any issues concerning" Friedman's relationships with other defendants, (<u>id.</u>), those subjects are also outside the scope of the current Order and the Court discerns minimal relevance in them as well. Indeed, the Court is "left with the definite and firm conviction" that Friedman and NYBC seek to depose Schreiber primarily because Schreiber has the opportunity to depose Friedman. <u>Sekisui</u>, 945 F. Supp. 2d at 502.

In sum, the Court agrees with Judge Orenstein's assessment that a deposition of Schreiber is not relevant given the scope of ongoing discovery; certainly, neither his interpretation of the standing discovery Order nor his assessment of Schreiber's relationship to that Order are clearly erroneous. Defendants' appeal is therefore denied.

SO ORDERED.

Dated: May   12   , 2016
      Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge

4