# Frankfurt Kurnit Klein + Selz PC

**Nicole I. Hyland**

488 Madison Avenue, New York, New York 10022

T (212) 826 5552    F (347) 438 2140

nhyland@fkks.com

September 4, 2019

<u>**VIA ECF**</u>

Hon. James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11227

> Re:   <u>*Steven Schreiber v. Emil Friedman, et al.*</u>, No. 15-CV-6861(CBA)(JO)

Dear Magistrate Judge Orenstein:

We represent non-party Nelkin & Nelkin, P.C. ("N&N"). We write to update the Court on the fee dispute between N&N and Steven Schreiber, Eugene Schreiber, and Two Rivers Coffee (collectively, the "Schreibers"). As the Court is aware, on May 3, 2019, a "Stipulation And Consent Order Dismissing Action With Prejudice Pursuant To Fed. R. Civ. P. 41" was filed with the Court. (Dkt. 636.) All parties to the action (including the Schreibers) signed the stipulation of dismissal and the stipulation was "so ordered" by Judge Amon and entered into the ECF system on May 28, 2019.[1] (*Id.*) The docket entry and all versions of the dismissal stated, *inter alia*:

> All pending motions, including all discovery and/or sanctions motion(s) filed by plaintiff Steve[n] Schreiber, … shall be withdrawn and dismissed with prejudice and without fees or costs; and …This action, together with all claims and causes of action asserted by Plaintiffs herein, shall be and is dismissed with prejudice and without fees or costs, except only for the …Order (ECF No. 308), which shall survive the dismissal of this action. (*Id.*)

On May 7, 2019, Your Honor issued an Order, which stated:

> In their stipulation of dismissal, the parties seek an order "dismissing this action with prejudice and without fees or costs..." and withdrawing "[a]ll pending motions... filed by plaintiff Steve[n] Schreiber." . . . I respectfully direct the parties to file a joint status report by May 10, 2019, clarifying whether the parties intend the requested order to effect the withdrawal of their motion to disqualify counsel, DE 623, or otherwise to resolve the pending fee litigation.

---

[1] The voluntary dismissal with prejudice was pursuant to FRCP 41(a)(1)(A)(i). Such dismissals are effective immediately without court action and regardless of how they are titled. *Mohamad v. Rajoub*, 2018 U.S. Dist. LEXIS 41238, at *23-24 (S.D.N.Y. Mar. 12, 2018). Alternatively, the dismissal is effective pursuant to FRCP 41(1)(A)(ii) as a stipulation of dismissal signed by all parties or as a Court ordered dismissal pursuant to FRCP 41(a)(2).

Hon. James Orenstein
September 4, 2019
Page 2

On May 9, 2019, Mr. Rosenblatt submitted a joint letter indicating that by submitting the initial voluntary dismissal with prejudice, the parties to the stipulation did not intend to withdraw their motion to disqualify counsel or otherwise dispose of or resolve the fee dispute. (Dkt. 638.) Nevertheless, Mr. Rosenblatt simultaneously filed a corrected stipulation of dismissal signed by the Schreibers which substituted Mr. Rosenblatt's name as the Schreibers' counsel but again consented to dismissal of Plaintiffs' claims with prejudice and withdrawal of all pending motions. (Dkt. 638-1.)  As Mr. Rosenblatt's May 9, 2019 letter stated, other than correcting erroneous references to incorrect counsel, the corrected stipulation of dismissal with prejudice had "not been modified in any other way." (Dkt. 638.)  Also, on May 28, 2019 all counsel received an ECF notice stating "WARNING: CASE CLOSED on 05/28/2019." (Dkt. 640.)

At the time the parties filed both stipulations, the Schreibers' motion to disqualify counsel and for a determination that N&N was discharged "for cause" was pending.  (*See* Dkt. 623.)  This motion sought to vacate N&N's charging lien and to subject N&N to the sanction of fee forfeiture. (*Id.*)  N&N was not a party to this action or the filing of the stipulation of dismissal.[2]  By the express language of both versions of the stipulation and the Court's orders, this motion was dismissed with prejudice along with any claims asserted by any Plaintiff.  *See Mohamad v. Rajoub*, 767 F. App'x 91, 92-93 (2d Cir. 2019) ("[A] voluntary dismissal with prejudice is an adjudication on the merits for purposes of *res judicata*" which cannot be avoided based on an "ill-considered decision to enter into an all-encompassing stipulation of withdrawal with prejudice" even where the Court is "sympathetic"); *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (voluntary dismissal with prejudice has preclusive effect both as to matters litigated by the parties as well as issues that the parties could have raised in their pleadings).  In other words, the voluntary dismissal served as "a complete adjudication on the merits."  *Harrison v. Edison Bros. Apparel Stores, Inc.*, 924 F.2d 530, 534 (4th Cir. 1991); *see also In re Shavit*, 197 B.R. 763, 768 (Bankr. S.D.N.Y. 1996).

The Schreibers are unable to appeal their voluntary dismissal with prejudice.  *See Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1717 (2017)(Thomas, J. concurring)(collecting cases and stating, "it has long been the rule that a party may not appeal from the voluntary dismissal of a claim, since the party consented to the judgment against it"); *Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp*., 814 F. 2d 90, 94 (2d Cir. 1987)(stating general rule that "an appeal from a judgment entered upon voluntary dismissal with prejudice does not bring up for review any matters voluntarily dismissed").[3]  Similarly, the Schreibers cannot avail themselves of FRCP 60(b)(1) as

---

[2] N&N first learned of the filing of the initial stipulation of dismissal when N&N received a copy of the ECF Notice. N&N had no knowledge of the parties' intentions when the dismissal was filed and N&N had to rely on the parties' subsequent explanation to the Court as to what the parties intended. Regardless of their initial intentions, the Schreibers submitted a second voluntary stipulation of dismissal requesting the same relief. The Schreibers are bound by their voluntary dismissal with prejudice, even if they misunderstood the consequences.  *See Thorp v. Scarne*, 599 F.2d 1169, 1177 n.10 (2d Cir.1979)(if "plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to do so are not for us to judge").

[3] Even if a voluntary dismissal with prejudice could be appealed, the time to appeal such a dismissal has expired. FRCP 41(a)(1)(A) dismissals are self-executing and effective immediately, *Mohamad*, 2018 U.S. Dist. LEXIS 41238, at *23-24, and the 30-day deadline to appeal dismissal has expired.  The Schreibers are also unable to resort to FRCP 59 because the 28-day deadline has passed.

Hon. James Orenstein
September 4, 2019
Page 3

the Second Circuit has repeatedly rejected FRCP 60(b)(1) as a basis in similar circumstances. *See Nemaizer*, 793 F.2d at 62-63 (holding that FRCP 60(b)(1) does not support vacating voluntary dismissal where party simply misunderstood the legal consequences of the stipulation).[4]  The Schreibers also cannot rely on FRCP 60(b)(6) for relief. *See Liljeberg v. Health Serv.'s Acquisition Corp.*, 486 U.S. 847, 863 n. 11 (1988) ("a party may not avail himself of the broad 'any other reason' clause of [Rule] 60(b) if his motion is based on grounds specified in clause (1)"); *see also Nemaizer*, 793 F.2d at 63 (noting repeated inability to obtain Rule 60(b)(6) relief even when conduct goes beyond mere negligence).

Notwithstanding the dismissal of the Action, this Court has retained jurisdiction over all monies and property currently held in escrow pursuant to the December 21, 2018 Stipulation and Order Regarding Deposit Under Fed. R. Civ. P. 67 (Dkt. 613), which the Court so ordered on December 27, 2018.  This includes the Net Deposit Amount currently being held by the Court as well as the Final Dismissal Date Deposits being held in escrow by this firm.  As your Honor may recall, the purpose of the escrow arrangements was to allow Defendants to comply with their settlement agreement obligations and then be dismissed from the case, while allowing N&N to maintain its charging lien over the settlement proceeds, pending resolution of the fee dispute.

In an effort to finally resolve the fee dispute, N&N intends to commence a plenary action in the Supreme Court of New York, seeking to enforce N&N's retainer agreement (the "State Court Action").[5]  Accordingly, with this status update, we are writing to notify the Court of this development and to confirm our understanding that the Court will continue to hold all funds currently in its possession pending the outcome of the State Court Action, as provided in the December 27, 2018 Stipulation and Order.  We will notify the Court once the State Court Action is resolved and will continue to update the Court on any developments that may be relevant to this Court's jurisdiction over the deposited amounts.  If the Court would like any additional information concerning the status of the fee dispute, we would be happy to supplement this status report.

Respectfully submitted,

/s/ Nicole I. Hyland
Nicole I. Hyland

cc:    All Counsel (via ECF)

---

[4] Other Circuits agree. *See e.g. Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101-02 (9th Cir. 2006)(citing cases and holding that "60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel.  Such mistakes are more appropriately addressed through malpractice claims"); *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002) (negligent acts "that lead[] to successful malpractice suits by the injured client" do not qualify for Rule 60(b)(1) relief).

[5] It is well established that a lawyer seeking to collect a fee may, *inter alia*, assert a charging lien pursuant to N.Y. Jud. L. § 475 and simultaneously commence a plenary action for payment of the fee.  *See, e.g., Hampshire Grp. Ltd. v. Scott James Co., LLC*, 2015 U.S. Dist. LEXIS 121393 at *14 (S.D.N.Y. July 27, 2015).